```
         IN THE UNITED STATES DISTRICT COURT
             WESTERN DISTRICT OF ARKANSAS
                   TEXARKANA DIVISION
```

PAM MCLAUGHLIN                                              PLAINTIFF

       v.                  Civil No. 06-4069

CITY OF NASHVILLE, AR, ET AL                               DEFENDANTS


### ORDER

NOW on this 2nd day of May 2007, comes on for consideration plaintiff's **Motion to Compel Discovery** (document #23), filed April 6, 2007.  The Court, being well and sufficiently advised, finds and orders as follows:

    1.  Plaintiff says in her motion that defendant, City of Nashville, has failed to provide proper discovery by not allowing her access to copy electronic information from the computer hard-drive of defendant, Mayor Mike Reese.  She further says that said defendant, City of Nashville, has failed to produce certain information responsive to her discovery request for all documents that defendants may introduce into evidence, use as an exhibit, or otherwise display to the Court or the jury.  Plaintiff says there has been no response to her requested discovery.

    2.  Although no formal response to the motion to compel has been filed, the Court has been given to understand by plaintiff's counsel that defendant has produced and given over to plaintiff the "audio tape of actual termination" referenced in plaintiff's motion to compel.  Beyond that, however, plaintiff insists that defendant,

City of Nashville, has not responded to the other outstanding discovery requests referenced in plaintiff's motion.

    3.  The fact that a party has to resort to the filing of a motion to compel in order to get proper discovery is disquieting and not favored by the Court. It is even more disquieting when such a motion is ignored by the opponent and the Court is given no explanation as to why the situation occurred.

    4.  In light of what it does know -- courtesy of plaintiff -- the Court will rule that plaintiff's **Motion to Compel Discovery** (document #23) be **granted** and defendant, City of Nashville, will be ordered to fully respond to the outstanding discovery requests within fifteen (15) days from the date of this Order. In so doing, defendant, City of Nashville, shall either grant plaintiff access to Mayor Mike Reese's computer, as sought in plaintiff's discovery requests, or otherwise make the information contained therein available for inspection and review, consistent with Federal Rule of Civil Procedure 34. The Court strongly encourages the parties to cooperate in this regard.

    5. As previously noted, the defendant, City of Nashville, has neither responded to the motion to compel nor otherwise offered any explanation or justification for its failure to respond to the discovery requests. Accordingly, the Court will require said defendant, City of Nashville, to pay plaintiff's costs and

attorney's fees associated with the filing of the motion to compel. <u>See</u> Fed. R. Civ. P. 37(a)(4)(A).

To facilitate the payment of such costs and fees, plaintiff shall submit to the Court within five (5) days from the date of this Order, documentation for the costs and attorney's fees she claims.  She shall provide a copy of same to defendant, City of Nashville.  If such claims are reasonable and defendant, City of Nashville, offers no objection thereto within five (5) days after the Court's receipt of same, the Court will then enter a further Order directing defendant, City of Nashville, to pay such forthwith.

**IT IS, THEREFORE ORDERED** that plaintiff's **Motion to Compel Discovery** (document #23) be, and it hereby is, granted as more fully set forth in paragraph 4 of this Order.

**IT IS FURTHER ORDERED** that plaintiff submit to the Court documentation as discussed in paragraph 5 of this Order.

**/s/ Jimm Larry Hendren**
**JIMM LARRY HENDREN**
**UNITED STATES DISTRICT COURT**